CLARENCE E. McMANUS, Judge.

I:STATEMENT OF THE CASE

On June 1, 2005, the City of Kenner, Board of Zoning Adjustments (“Board”) rendered a decision at a public hearing in response to a variance request by Ideal Trailer Court, Inc. (“Ideal”) determining that a mobile home is not a “residence” under Section 15.02 of the City of Kenner Zoning Ordinance and approved a variance request regarding the method and manner in which the measurements were to be taken for an ordinance requiring that a truck stop not be located within 500 feet of a residence, residential district, or another truck stop. The minutes of the June 1, 2005 meeting of the Board were approved and adopted at the next regularly scheduled meeting of the Board on July 14, 2005.
On July 6, 2005, David B. Willis (‘Willis”) filed an Application for Writ of Cer-tiorari with the Twenty-Fourth Judicial Court for review of the Board decision. Ideal filed a Petition of Intervention in the matter and on August 8, 2005 filed an Exception of Prescription and Exception of No Cause of Action. Ideal alleged in its exceptions that the writ was not timely filed in the Twenty-Fourth Judicial District Court as required by La.R.S. 33:4727. Ideal also argued Willis was not *826 aggrieved by the decision of the Board so he had no cause of action. A hearing on |4the exceptions was held on April 20, 2006. Judgment granting the exception of prescription was rendered on April 26, 2006. Willis now appeals that judgment.
For the reasons which follow, we affirm the trial court’s judgment granting the exception of prescription because the writ of certiorari was not timely filed in the Twenty-Fourth Judicial District Court by Willis.

DISCUSSION

La. R.S. 33:4727(E)(1) states:
Any person or persons jointly or severally aggrieved by any decision of the Board of adjustment or any officer, department, board, or bureau of the municipality, may present to the District Court of the Parish or City in which the property is affected is located a Petition, duly verified, setting forth that the decision is illegal, in whole or part, specifying the grounds of the illegality. The Petition shall be presented to the Court within thirty (30) days after filing of the decision in the office of the Board.
In addition, Section 21.05 of the City of Kenner Code of Ordinances provides:
Any person or persons, or any officer, department, board, bureau, or any other agency of the City of Kenner jointly or severally aggrieved by any decision of the board of zoning adjustments, may present to the civil district court of the Parish of Jefferson, within thirty (30) days after filing of the decision in the office of the Board, a writ of certiorari asking for such relief and under such rules and regulations as are provided for such matters in the appropriate legislation of the State of Louisiana.
According to La. R.S. 33:4727(E)(1) and Section 21.05 of the Kenner Code of Ordinance, the petition or writ of certiorari must be filed within 30 days after the filing of the decision in the office of the Board. The Board made their decision at the meeting held on June 1, 2005. According to the affidavit of Randolph J. Clement, the Director of the Planning Department for the City of Kenner, which was attached to the Exception of Prescription, the decisions rendered by the Board at the June 1, 2005 meeting were filed in the Board’s office on June 2, 2005. In ^addition, his affidavit states notices of the rendering of the decisions regarding the two variance requests by Ideal Trailer Court were sent to the attorney for Ideal.
Therefore, the decisions at issue in this case were filed in the office of the Board on June 2, 2005. Willis had thirty days from June 2, 2005 to file a writ of certiora-ri. The writ was filed with the Twenty-Fourth Judicial District Court on July 6, 2005, which is more than thirty days after the decision was filed in the Board’s office. Thus, we find the trial court correctly granted Ideal’s Exception of Prescription and we affirm the trial court’s judgment.

AFFIRMED.